VAN BERGEN v. STUART.    See Case No. 11,041.

## Case No. 16,830.

### VAN BOKELEN v. BROOKLYN CITY R. CO.

[5 Blatchf. 379.] [2]

Circuit Court, E. D. New York.    Dec. 31, 1866.

FEDERAL COURTS—FOLLOWING STATE DECISIONS—MUNICIPAL CORPORATIONS — RAILROAD IN STREET—RIGHTS OF ABUTTING OWNERS.

1. Where a court of the United States is called on to construe the laws of a state, in a litigation between parties before it, it is its duty to follow the decisions of the courts of the state as to such construction.

[Cited in Patapsco Guano Co. v. Morrison, Case No. 10,792.]

2. It is held by the court of appeals of New York, that the use of land in a public street for the purposes of an ordinary railroad, is a new burden, which cannot be imposed without previous compensation to the owner of the fee of such land.

3. It having been held by the supreme court of New York, at general term, that the use of land in a city street for the purpose of an ordinary horse railroad is no new burden, but simply a new mode of enjoying the public easement, and, consequently, that no further compensation can be demanded by the owner of such land, and it having also been held by a judge of the same court, in an action brought to prevent the laying of a railroad track, that there existed lawful authority, under the statutes of New York, to lay such track, this court followed such decisions, on a motion for a provisional injunction to restrain the laying of such track.

This was an application [by Libertus Van Bokelen] for a provisional injunction, to restrain the defendants from laying a railroad track in Greene avenue, in the city of Brooklyn.

BENEDICT, District Judge. This is a similar motion to that in the case of Osborne v. Brooklyn City R. Co. [Case No. 10,597]. In that case the injunction was denied, upon the ground that, under the decisions in the courts of the state of New York, consequential damage to an abutting lot by reason of laying a railroad track in a street, does not entitle the lot owner to compensation, and that no damage other than such consequential damage, and different from that sustained by the community, was made to appear. The present case is distinguished from the former one by the fact, that it is conceded, in this case, that the plaintiff is the owner in fee of the portion of the avenue in front of his lots, and that the defendants are about laying their track upon his land. The case, then, raises the question, whether the proposed use of the plaintiff's land for a horse-railroad, to be operated by the defendants under their charter, will be a new burden, not included in the public easement, and for which the owner must be first compensated by a new assessment; and, also, the question, whether the statutes of the state of New York, and the consent of the common council, furnish any authority for the proposed entry upon the plaintiff's land.

In considering these questions, it is to be noticed, at the outset, that they are questions which do not depend, for their solution, upon a construction of the constitution or laws of the United States. This court is called on to adjudicate the matter in use between the parties solely by reason of the citizenship of the plaintiff, and not because the subject-matter brings it within the jurisdiction of the national courts, under the federal constitution. Called on thus, by a citizen of another state, to administer the laws of the state of:

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

[2] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

New York, it becomes the duty of this court to look to the determinations of the courts of this state, and, if possible, to follow them, as declaring the law applicable upon the present occasion, to the end that a conflict of decisions between the national and state courts, to settle which no competent tribunal exists, may be avoided. Looking, therefore, to the decisions of the courts of New York upon the subject-matter in question, we find, that the court of appeals have held, that the use of land in a public street for the purposes of an ordinary railroad, is a new burden, which cannot be imposed without previous compensation to the owner of the fee, (Davis v. Mayor, 14 N. Y. 506;) and that the supreme court. sitting at general term, in this judicial district of the state, (Brooklyn Cent. & J. R. Co. v. Brooklyn City R. Co., 33 Barb. 420,) have laid down a distinction between the case of a steam railroad. which was the one in question in Davis v. Mayor, and the case of a horse railroad such as is proposed by the defendants. and has held, that the use of a city street for the purpose of an ordinary horse railroad is no new burden, but simply a new mode of enjoying the public easement, and, consequently; that no further compensation can be demanded by the owner of the land. The main question in this case, in the precise form in which it is here presented, has. therefore, been passed on by the supreme court of the state, at general term, in a decision which has not been disputed by any other general term. or hitherto questioned in the court of appeals.

So, too, as regards the effect of the various statutes of the state, to authorize the defendants to operate their road in any street of the city, upon the consent of the common council, without the necessity of procuring the consent of a majority of the property owners on the street—that question has been submitted to the supreme court of the state, in an action brought to prevent the laying of this very track, and it has been held. by an able judge, that the statutes of the state, in connection with the consent of the common council. furnish legislative authority to lay down the track proposed.

Now, although it be true, that the decisions of the state tribunals are not to be considered as of binding authority in the national courts, and late cases can be found where the national courts have refused to follow very solemn determinations of the same question by the state courts, (Chicago City v. Robbins. 2 Black [67 U. S.] 418; Gelpcke v. City of Dubuque, 1 Wall. [68 U. S.] 176,) I feel bound to give effect to these express adjudications of the state tribunals, certainly upon a motion like the present one, in regard to the precise case in hand. To do otherwise, would. in this case, work injustice to the defendants, for, in a view of the decisions of the local courts, in actions to which they were parties, they may fairly claim to have gone on under the express permission of those courts, in constructing their new line through Gates avenue to Bedford avenue, and in tearing up the street, and partly laying their rails through Greene avenue. Under these decisions, their track in Gates avenue has been laid, which will be useless so long as the track in Greene avenue is unfinished. They have bought the material, and have laid down the ties over a considerable portion of the extent of Greene avenue, and this property is liable to loss and depreciation while thus lying in the street. Moreover, in addition to the loss and inconvenience which a stoppage of the work in its present half-finished state will cause to the defendants, serious inconvenience to the public would also result from the injunction, if now granted, inasmuch as Greene avenue must, in that case, remain in some places impassable until the final termination of the present controversy. On the other hand, no serious detriment to the plaintiff is likely to result from the completion of the track. The presence of the track in its unfinished condition would cause as much substantial injury to him, during the pendency of the action. as will the completed track. The completion of the track pending the litigation will not prevent him from obtaining perfect relief under the final decree, in case such decree be in his favor, while the interest which he seeks to protect is that of an owner of land already dedicated to the public.

Taking into consideration, therefore, the aspect of the questions of law involved in the case, under the decisions of the courts of the state, the unfinished. condition of the work. the condition of the street, the nature of the plaintiff's interest in the street, and the injury likely to result to him from permitting the work to proceed pending the litigation, I feel bound to say that the case does not seem to me to be one which would warrant the interposition of this court, as prayed for on this motion. The motion must, therefore, be denied, and the plaintiff be left to bring his action to a final hearing, if he be so advised, before which time it is not improbable that the doubts thrown upon the law of the case by the apparently conflicting opinions of the courts, may be dispelled by a determination of the court of appeals, before which it is stated the main question in the case is now pending.